UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CROWDER LAWN AND GARDEN, GERALD CROWDER, AND NANCY CROWDER, <br>     *Plaintiffs*, <br><br> *vs.* <br><br> FEDERATED LIFE INSURANCE COMPANY, <br>     *Defendant.* | 1:09-cv-0581-JMS-DML |

## **ORDER**

Presently before this Court is Plaintiffs Crowder Lawn and Garden, Gerald Crowder, and Nancy Crowder's ("Plaintiffs") motion to remand their case against Defendant Federated Life Insurance Company ("Federated") pursuant to 28 U.S.C. § 1447(c).

### I.

#### PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on April 23, 2009 in Parke Circuit Court. [Dkt. 1-1.] Their Complaint originally contained two counts: First, Count I alleged a claim for $44,000 against Federated under no specifically articulated legal theory. It appears to assert a sort of estoppel claim based on representations of Federated's agent that Plaintiffs had acquired both key man life insurance and a disability insurance policy for their son, who worked for them. Second, Count II alleged a breach of contract claim under which Plaintiffs requested compensatory damages. Count II also asserted the tort of bad faith for which Plaintiffs sought both compensatory and punitive damages. [*Id.* at 2-4.]

On May 8, 2009, Federated removed the case to this Court pursuant to this 28 U.S.C. § 1331 ("Federal Question Jurisdiction") and §1332 ("Diversity Jurisdiction"). [Dkt. 1.] Later, Federated realized that the case did not properly pled as a federal question under § 1331. [Dkt.

45 at 3.] At that time, Federated acknowledged that the Court's jurisdiction is only proper under § 1332. [*Id.*]

On July 8, 2009, Federated filed a Motion for Summary Judgment on all counts of Plaintiffs' Complaint. [Dkt. 31.] In its motion, Federated asserted, in relevant part, that it did not have – nor did it ever have – a contract with Plaintiffs, such that Plaintiffs have no standing to sue for breach of contract or bad faith. [Dkt. 32 at 2.]

During discovery, Plaintiffs likewise learned that they did not, in fact, have a contract with Federated. Consequently, on October 8, Plaintiffs voluntarily dismissed Count II of their Complaint. [Dkt. 48.]

Three days before filing their Notice of Voluntary Dismissal of Count II, Plaintiffs filed, and this Court granted, a motion to stay their response to Plaintiffs' Motion for Summary Judgment, [dkt. 43], pending their forthcoming Motion to Remand, which Plaintiffs subsequently filed on October 15, [dkt. 54]. In their motion, Plaintiffs allege that the amount in controversy does not, and did not ever, meet the standard set forth under § 1332.

Currently at issue is Plaintiff's Motion to Remand. [Dkt. 54.]

## II.

### STANDARD OF REVIEW

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit] have noted time and again that subject matter

jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).[1]

### III.

#### DISCUSSION

To invoke diversity jurisdiction, the party seeking to invoke it must establish both complete diversity of citizenship and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Court is satisfied that there is complete diversity among the parties; at issue here is only whether the amount in controversy exceeds $75,000.

**A) Standard for Meeting Amount in Controversy Requirement in Removal Cases**

In *Oshana v. Coca-Cola, Co.*, the Seventh Circuit explained the standard for meeting the amount-in-controversy requirement in cases removed to federal court. 472 F.3d 506 (7th Cir. 2006). Specifically, the *Oshana* court held that "the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." 472 F.3d at 510. In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. However, the *Oshana* court noted, "[t]hat is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Id.* In such a case, the Seventh Circuit held, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and sup-

---

[1]Although Federated asserts that Plaintiffs waive their right to move for remand on procedural grounds after 30 days, the Court maintains its obligation to ensure diversity jurisdiction is met. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007) (emphasizing that subject matter jurisdiction cannot be waived and that it "always comes ahead of the merits").

ported by a preponderance of the evidence." *Id*. The *Oshana* court went on to say that "once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. at* 510-11.

Events occurring subsequent to removal that reduce the amount recoverable below the statutory limit do not oust jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). Moreover, "the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand." *Id*. at 292. Even if the plaintiff, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id*.

**1) Did Federated Have a Good-Faith Basis to Estimate that at least $75,000 was at Stake at the time of Removal?**

Count II of Plaintiffs' original Complaint requests "compensatory damages as allowed by [the Court for] bad faith [and] for punitive damages to punish Federated Life Insurance Company for bad faith conduct . . . ." [Dkt. 1-1- at 3-4.] The parties agree that this request, in addition to $44,000 requested in Count I, exceeded the amount in controversy requirement. [Dkt. 55 at 1].

Plaintiffs argue, however, that the amount in controversy was not met because Federated did not have a good-faith basis to estimate that it had at least $75,000 at stake. [*Id*. at 2.] Specifically, Plaintiffs argue that at the time of removal, Federated had actual knowledge that it did not have a contract with Plaintiffs. [Dkt. 55 at 5-6.] As a result, Plaintiffs contend that Federated had actual knowledge that Plaintiffs could not recover for the contract-based claims in Count II of the Complaint. In other words, because Federated knew the contract claims would fail as a

matter of law, Plaintiffs argue that Federated "cannot provide evidence that proves to a reasonable probability" that the amount in controversy exceeded $75,000 at the time of removal. [*Id*. at 5.]

Plaintiffs cite the pre-*Oshana* case of *Smith v. American General Life* for the general proposition that the removing party must establish any disputed aspect of diversity jurisdiction by offering "evidence which proves to a reasonable probability that jurisdiction exists." *Smith v. American General Life and Acc. Ins. Co. Inc.*, 337 F.3d 890, 892 (7th Cir. 2003). In light of this rule, the *Smith* court held, "when a removing insurance company has actual knowledge that the amount in controversy is not satisfied, the Seventh Circuit has not allowed the company to plead ignorance to that fact in an attempt to support removal." *Id.* at 894-95. There, the court "refused to allow a removing insurance company to argue that it thought the jurisdictional amount was met where it had actual knowledge that the amount at issue fell well below the statutory minimum." *Id.* at 894. Given that without punitive damages Smith's complaint sought well below the minimum amount in controversy requirement, the court remanded the case to state court. *Id*. at 894.

Here Plaintiffs argue, "[i]n order for [Federated] to show to a reasonable probability that diversity jurisdiction exists, it would have to provide competent proof that there is a reasonable probability the amount in controversy would exceed $75,000. This is not possible." [Dkt. 56 at 8.] In response, Federated does not dispute that it had actual knowledge that the breach of contract claim asserted in Count II would fail as a matter of law (and, in fact, subsequently moved for summary judgment on this position). [Dkt. 31.] Rather, Federated contends that in light of more recently developed Seventh Circuit case-law, its burden is not to show not that there is a "reasonable probability" that the amount in controversy would exceed $75,000, but instead to

show that it had a good-faith basis to estimate that the stakes would exceed $75,000 at the time of removal. *Oshana,* 472 F.3d at 510. In light of this standard, Federated argues, it met its burden on removal. [Dkt. 56 at 2-3.]

Consistent with the Seventh Circuit's holding in *Oshana,* this Court does not require a party to assess the merits of the claims against it when removing a case to federal court – the Court simply assesses whether a defendant had a good-faith basis for estimating that its potential exposure exceeded $75,000 at the time of removal. *Oshana,* 472 F.3d at 510. Any party being sued in federal court has the hope (and the burden to show) that the other side's position is without merit. Even if Federated knew that Count II's breach of contract claim would fail on its merits at the time of removal, it nevertheless risked potential exposure of $44,000 on Count I of Plaintiffs' Complaint as well as a claim for otherwise unspecified compensatory and punitive damages for alleged "bad faith" the day it removed the case to this Court. On the face of the original Complaint, therefore, Federated could reasonably expect at the time of removal that over $75,000 was at stake, regardless of its actual knowledge about the contract claim's merits.

   **2) At the Time of Removal, Did it appear to a Legal Certainty that the Claim was for Less than $75,000?**

The Seventh Circuit has made clear, in *Oshana* and elsewhere, that in a removal case, once a defendant has shown a good-faith basis for removing the case to federal court, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). Any uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. *Id*. at 543. Whether the plaintiff actually recovers more than $75,000 is likewise immaterial; what matters is the amount put in controversy on the day of removal. *Oshana,* 472 F.3d at 513. Only

if it is "legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Meridian*, 441 F.3d at 542.

The test of "legal certainty" is a stringent one. *Oshana,* 472 F.3d at 510. Generally, only three situations clearly meet the legal-certainty standard for purposes of defeating subject matter jurisdiction:

> 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff; and 3) when independent facts show that the amount of damages was claimed by the plaintiff [or defendant, in a removal case] merely to obtain federal court jurisdiction.

Wright, Federal Practice and Procedure § 3702, at 98-101.

In *Oshana*, the plaintiff refused to formally disclaim damages in excess of $75,000; therefore, the *Oshana* court held that the amount in controversy did not appear to a legal certainty to be under $75,000. 472 F.3d at 512. Unlike *Oshana*, Plaintiffs in this case now admit that they "cannot recover more than $75,000." [Dkt. 57 at 4.] At the time of removal, however, Plaintiffs made no such concession. As was the case in *Oshana*, "if [Plaintiffs] really wanted to prevent removal, [they] should have stipulated to damages not exceeding the $75,000 jurisdictional limit" at the time of removal. 472 F.3d at 511. Plaintiffs' voluntary dismissal of Count II seventeen months after removal is not sufficient to show with "legal certainty" that at the time of removal, the amount-in-controversy requirement was not met. Nor does their post-hoc admission that there was always less than $75,000 at stake destroy jurisdiction. *Oshana,* 472 F.3d at 512.

Assuming without deciding that, at the time of removal, Federated had actual knowledge that the contract claim raised in Count II of Plaintiffs' Complaint lacked merit, Plaintiffs still

have not put forth evidence to show that their recovery was legally certain to be less than $75,000. Even if Plaintiffs had originally been silent as to Federated's alleged breach of contract – rather than voluntarily dismissing this claim after removal – Plaintiffs never limited themselves to a theory of recovery or to the damages to which they could be entitled. [Dkt. 56 at 4-5.] And, they asserted a punitive and compensatory damage claim for bad faith in Count II. Plaintiffs cannot show that their recovery was legally certain to be capped at $75,000.

This Court is satisfied that Federated had a good-faith basis for estimating at the time of removal that the amount at stake exceeded $75,000. Since it does not appear to a legal certainty that the amount in controversy at the time of removal was less than $75,000, Federated has properly invoked this Court's diversity jurisdiction.

### IV.

#### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand. [Dkt. 54.] Accordingly, Plaintiffs are **ORDERED** to file their response brief to Federated's pending Motion for Summary Judgment, [dkt. 31], by **Monday, December 6, 2010**.

11/29/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Gary G. Hanner
HANNER HANNER & HANNER
ghanner@hannerlaw.com

Donald G. Orzeske
GOODIN ORZESKE & BLACKWELL, P.C
dorzeske@goblaw.com

Stephanie Michelle Payne

GOODIN ORZESKE & BLACKWELL, P.C
spayne@goblaw.com